IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

| | | |
|---|---|---|
| VALHALLA HOUSING III, LLC,<br>a West Virginia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GUILFORD REALTY, LLC,<br>a Delaware limited liability company,<br><br>GUILFORD TAX CREDIT FUND 27, LP,<br>a Delaware limited partnership,<br><br>HUNT ELP, LTD.,<br>a Texas limited partnership,<br><br>1998 FUND XVIII SERIES H, LTD.,<br>an Alabama limited partnership,<br><br>1997 FUND XV SERIES A, LTD.,<br>an Alabama limited partnership, and<br><br>GUILFORD CORPORATE TAX<br>CREDIT FUND XIX, LTD.,<br>an Alabama limited partnership,<br><br>Defendants. | )))))))))))))))))))))))))))) | ELECTRONICALLY FILED<br>09/10/2020<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Case No. **1:20-CV-223 (Kleeh)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Guilford Realty, LLC ("Guilford Realty"), Guilford Tax Credit Fund 27, LP ("Guilford 27"), Hunt ELP, Ltd. ("Hunt ELP"), 1998 Fund XVIII Series H, Ltd. ("1998 Fund"), 1997 Fund XV Series A, Ltd. ("1997 Fund"), and Guilford Corporate Tax Credit Fund XIX, Ltd. ("Guilford XIX") (collectively,

"Defendants"), by and through undersigned counsel, give notice of their removal to the United States District Court for the Northern District of West Virginia of the above-captioned proceeding, which was filed by Plaintiff Valhalla Housing III, LLC ("Valhalla") in the Circuit Court of Monongalia County, West Virginia, as Civil Action No. 20-C-230. Defendants further state the following:

1. Valhalla filed a Complaint against Defendants on or about August 11, 2020 in the Circuit Court of Monongalia County, West Virginia, captioned *Valhalla Housing III, LLC v. Guilford Realty, LLC, et al.*, Civil Action No. 20-C-230.

2. In the Complaint, Valhalla alleges that Defendants breached contractual and fiduciary duties by not consummating sales of limited partnership interests in two limited partnerships in which Valhalla is the general partner at prices purportedly determined using non-final appraisal reports, about which Defendants have raised legitimate methodological and other concerns. Among other relief, Valhalla seeks declaratory and injunctive relief requiring Defendants to consummate the sales, as well as unspecified "actual and consequential damages" and "enhanced exemplary and punitive damages." *See* Compl. at Prayer for Relief.

### Basis for Removal - Diversity Jurisdiction

3. This civil action falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). There is complete diversity of citizenship between Plaintiff and Defendants, because Plaintiff is not a citizen of the same state as any Defendant, as set forth below. The amount in controversy exceeds $75,000, exclusive of interest and costs, as also set forth below. The case thus may be removed to this Court pursuant to 28 U.S.C. § 1441. *See Thermatron Prods. v. Hermansdorfer*, 423 U.S. 336, 345 n.9 (1976) (removal is non-discretionary when case is

properly removed and within federal court's jurisdiction); *Blake v. Ace Am. Ins. Co*, 2008 U.S. Dist. LEXIS 19215 at *7-8 (S.D. W.Va. March 11, 2008) (citing *Kolibash v. Comm. on Legal Ethics of W. Va.*, 872 F.2d 571, 573 (4th Cir. 1989)).

### *Diversity of Citizenship*

4. <u>Citizenship of Plaintiff Valhalla.</u> Plaintiff Valhalla is a West Virginia limited liability company with its principal place of business in Ohio. *See* Compl. ¶ 1; *see also* W. Va. Sec'y of State Bus. Info. for Valhalla Housing III, LLC (available at https://apps.sos.wv.gov/business/corporations/organization.aspx?org=178767; last accessed Aug. 31, 2020), attached as **Exhibit A**. Upon information and belief, the members of Valhalla, including any members or partners of any members of Valhalla that are pass-through entities, are citizens of either West Virginia or Ohio. *See* Ex. A. Plaintiff thus is a citizen of West Virginia and Ohio for the purpose of determining diversity jurisdiction.

5. <u>Citizenship of Defendant Guilford Realty.</u> Defendant Guilford Realty is a Delaware limited liability company. *See* Compl. ¶ 2. The sole member of Guilford Realty is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas. Guilford Realty thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

6. <u>Citizenship of Defendant Guilford 27.</u> Defendant Guilford 27 is a Delaware limited partnership. The partners of Guilford 27 are:

(1) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

(2) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas.

Guilford 27 thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

7. <u>Citizenship of Defendant Hunt ELP.</u> Defendant Hunt ELP is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited

liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas. Hunt ELP thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

8. <u>Citizenship of Defendant 1998 Fund.</u> Defendant 1998 Fund is an Alabama limited partnership. The partners of 1998 Fund are:

(1) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

(2) an Alabama limited partnership, the partners of which are:

(a) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (i) individual citizens of Texas; (ii) a Nevada limited liability company, the members of which are individual citizens of Texas; and (iii) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas;

(b)   a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

(c) a Mississippi corporation with its principal place of business in Mississippi. 1998 Fund thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

9.   <u>Citizenship of Defendant 1997 Fund.</u> Defendant 1997 Fund is an Alabama limited partnership. The partners of 1997 Fund are:

(1)   a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

    (2) an Alabama limited partnership, the partners of which are:

        (a) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (i) individual citizens of Texas; (ii) a Nevada limited liability company, the members of which are individual citizens of Texas; and (iii) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

        (b) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas.

1997 Fund thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

    10.    <u>Citizenship of Defendant Guilford XIX.</u> Defendant Guilford XIX is an Alabama limited partnership. The partners of Guilford XIX are:

Case 1:20-cv-00223-TSK   Document 1   Filed 09/10/20   Page 8 of 12   PageID #: 8

(1) a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Maryland limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas; and

(2) a Delaware limited liability company, the sole member of which is a Texas limited partnership, the partners of which are: (a) individual citizens of Texas; (b) a Nevada limited liability company, the members of which are individual citizens of Texas; and (c) a Nevada limited liability company, the sole member of which is a Delaware corporation with its principal place of business in Texas.

Guilford XIX thus is not a citizen of either West Virginia or Ohio for the purpose of determining diversity jurisdiction.

### *Amount in Controversy*

11.     Plaintiff seeks declaratory and injunctive relief compelling Defendants to transfer to Plaintiff limited partnership interests, the value of which well exceeds $75,000. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347

8

(1977)). The value of the limited partnership interests that are the object of this litigation is supported by the Declaration of Mary Stoddard, attached as **Exhibit B**.

12. In addition to declaratory and injunctive relief compelling transfer of the limited partnership interests that Defendants value in excess of $500,000, Plaintiff seeks other actual and consequential damages, including for alleged "increased interest expenses for the commercial indebtedness of the Limited Partnerships," alleged deterioration and depreciation of the multifamily housing developments owned by the limited partnerships, and alleged "economic harm" from Plaintiff's compliance with financial reporting requirements. *See* Compl. ¶¶ 36-39; *id.* at Prayer for Relief. Plaintiff also seeks "exemplary and punitive damages" on the basis of Defendants' alleged "willful, intentional, and egregious conduct." *Id.* at Prayer for Relief. Upon information and belief, the total amount of Plaintiff's claimed monetary damages exceeds $75,000, exclusive of interest and costs. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (notice pleading standard equally applicable to notice of removal as to plaintiff's complaint).

### Compliance with 28 U.S.C. § 1446

13. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and Summonses served on all Defendants, which constitute "all process, pleadings, and orders served upon" Defendants to date, is attached as **Exhibit C**. A copy of the Electronic Docket for the case in the Circuit Court of Monongalia County, West Virginia, is attached as **Exhibit D**.

14. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal to the United States District Court for the Northern District of West Virginia is timely filed by Defendants within 30 days after receipt by Defendants of a copy of the initial pleading setting forth the claim for

relief upon which the action is based. Defendants first received a copy of the initial pleading on August 11, 2020.

15. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff and will file a copy of the same with the Clerk of the Circuit Court of Monongalia County, West Virginia. A copy of that notice is attached as **Exhibit E**.

## Reservation of Rights

16. By this Notice of Removal, Defendants do not waive, and expressly reserve, all substantive and procedural defenses, including but not limited to defenses that the Complaint fails to state a claim upon which relief can be granted or that this Court lacks personal jurisdiction over any or all Defendants.

WHEREFORE, this action is hereby removed to the United States District Court for the Northern District of West Virginia.

Dated: September 10, 2020                    Respectfully submitted,

/s/ Michael C. Cardi
Stuart A. McMillan, Esq. (WVSB # 6352)
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1110 (telephone)
(304) 347-1746 (facsimile)
smcmillan@bowlesrice.com

Michael C. Cardi, Esq. (WVSB # 12228)
BOWLES RICE LLP
University Town Centre
125 Granville Square, Suite 400
Morgantown, WV 26501
(304) 285-2561 (telephone)

(304) 285-2575 (facsimile)
mcardi@bowlesrice.com

*Applications for Admission Pro Hac Vice Forthcoming:*

Louis E. Dolan, Jr.
Brian P. Donnelly
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001-4501
(202) 585-8818 (telephone)
(202) 585-8080 (facsimile)
ldolan@nixonpeabody.com
bdonnelly@nixonpeabody.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 10th day of September 2020, the foregoing "**Notice of Removal**" was filed with this Court using the CM/ECF system.

The undersigned further certifies that service of the foregoing **Notice of Removal** was made this 10th day of September 2020, on counsel of record by mailing a true and exact copy of the same, in a properly stamped and addressed envelope, to the following:

>Keith J. Pappas, Esq.
>176 Fayette Street
>Morgantown, WV  26505
>kpappaslaw@labs.net
>*Counsel for Plaintiff*

>/s/ Michael C. Cardi
>Michael C. Cardi (WVSB # 12228)

12172229.1